UNITED STATES DISTRICT COURT
EASTERN DISTRICT MASSACHUSETTS

```
                                    )
MARK M. THORNTON,                   )
        Plaintiff                   )
                                    )
V.                                  )
                                    )
NORTHEAST BUILDERS TRANSPORT, INC.  )
And BARRY N. EHRSTEIN,              )   CIVIL ACTION No. _____
        Defendants                  )
                                    )
```

RECEIPT #52557
AMOUNT $ 150
SUMMONS ISSUED Y-2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _M_
DATE 12-16-03

FILED
IN CLERKS OFFICE
2003 DEC 16 P 1:10
U.S. DISTRICT COURT
DISTRICT OF MASS.

03    12521 RGS

COMPLAINT
and
DEMAND FOR JURY TRIAL

MAGISTRATE JUDGE _Alexander_

The plaintiff, Mark M. Thornton, brings this negligence action against Northeast Builders Transport, Inc. and Barry N. Ehrstein, seeking damages for personal injuries he sustained as the result of the negligent operation of a motor vehicle owned by Northeast Builders Transport, Inc. and operated by Barry N. Ehrstein, an employee of Northeast Builders Transport, Inc.

## PARTIES

1.  Plaintiff Mark M. Thornton is an individual residing at 20 Glen Drive, Nashua, Hillsborough County, New Hampshire.

2.  Defendant Northeast Builders Transport, Inc. is a Massachusetts corporation with a principal business address of 835 Plain Street, Marshfield, Massachusetts.

3.  The defendant Barry N. Ehrstein is an individual residing in Hull, Plymouth County, Massachusetts.

## JURISDICTION AND VENUE

4.  This court has jurisdiction pursuant to the provisions

of 28 U.S.C. §1332(a)(1) in that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and there exists diversity of citizenship between the parties.

5. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) in that the claims which are the subject of this complaint arose in the Eastern District, Commonwealth of Massachusetts.

## FACTS

6. On or about January 22, 2001, the plaintiff was the operator of a motor vehicle traveling northerly on Mystic Avenue in Medford, Massachusetts approaching the intersection of Mystic Avenue and the Fellsway.

7. On that same day and at the same time, the defendant Barry N. Ehrstein was operating a motor vehicle which Northeast Builders Transport, Inc. owned, hereinafter referred to as "the delivery vehicle."

8. At all material times, the plaintiff was in the exercise of due care.

9. At all material times, the defendant Barry N. Ehrstein was an employee of Northeast Builders Transport, Inc.

10. The defendant Barry N. Ehrstein's operation of the delivery vehicle was during and within the scope of his employment with Northeast Builders Transport, Inc.

11. The defendant Barry N. Ehrstein operated the delivery

vehicle on the Fellsway at Mystic Avenue.

12. The defendant Barry N. Ehrstein was at the intersection of the Fellsway and Mystic Avenue at a red light controlling the intersection requiring him to keep the delivery vehicle stationary while observing the red light.

13. At all material times, the defendant Barry N. Ehrstein owed a duty of due care to the plaintiff.

14. The defendant Barry N. Ehrstein breached this duty in that he failed to operate the delivery vehicle at a reasonable rate of speed, failed to maintain a proper lookout for other vehicles lawfully upon the road, failed to observe all applicable traffic controls and signals, and by otherwise operating the delivery vehicle in an unreasonable manner.

15. As a direct and proximate result of the defendant Barry N. Ehrstein's negligent operation of the delivery vehicle as described above, the delivery vehicle went through the red light into the intersection and struck the plaintiff's vehicle in the front end, crushing it and sending the plaintiff's vehicle into a spin, causing it to strike a third vehicle.

16. As a further direct and proximate result of the defendant Barry N. Ehrstein's negligent operation of the delivery vehicle, the plaintiff suffered severe and permanent personal injuries, has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment, has

suffered and will continue to suffer great pain of body and anguish of mind, has been and will continue to be unable to pursue normal activities, and his ability to enjoy life has been permanent adversely affected, all to his damage.

<u>Count I</u>
<u>Mark M. Thornton v. Northeast Builders Transport, Inc.</u>
Respondent Superior

17. The plaintiff alleges and realleges all the allegations contained in paragraphs 1 through 16 and incorporates them by this reference.

18. The acts described above constitute negligence on the part of the defendant Barry N. Ehrstein in that he operated the delivery vehicle in an unreasonable manner in breach of the duty of due care owing to the plaintiff.

19. At all material times, the defendant Barry N. Ehrstein acted at the direction of and for the benefit of the defendant Northeast Builders Transport, Inc., and he acted during the course of and within the scope of his employment with the defendant Northeast Builders Transport, Inc.

20. At all material times, the defendant Barry N. Ehrstein was an employee of Northeast Builders Transport, Inc.

21. Given the relationship between the defendant Barry N. Ehrstein and the defendant, the defendant Northeast Builders Transport, Inc. is responsible for the defendant Barry N. Ehrstein's negligent acts and omissions under the theory of

Respondent Superior.

WHEREFORE, the plaintiff requests judgment against the defendant Northeast Builders Transport, Inc. in a monetary amount within the jurisdictional limits of this Court, together with interest, fees, and costs.

Count II
Mark M. Thornton v. Barry N. Ehrstein
Negligence

22. The plaintiff restates and realleges all the allegations contained in paragraphs 1 through 21 and incorporates them by this reference.

23. The acts described above constitute negligence on the part of the defendant Barry N. Ehrstein in that he operated the delivery vehicle in an unreasonable manner in breach of the duty of due care owing to the plaintiff.

WHEREFORE, the plaintiff requests judgment against the defendant Barry N. Ehrstein in a monetary amount within the jurisdictional limits of this Court, together with interest, fees, and costs.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Dated: December 15, 2003

Respectfully submitted,
Mark M. Thornton
By his attorney

William H. Barry III
Massachusetts BBO#545547
Barry Law Office

255 Main Street
Nashua, New Hampshire 03060
603-883-0474

C:\PERSONAL INJURY\Thornton\complaint.wpd